## GABRIELE CURA
### vs.
## LIQUOR CONTROL COMMISSION

Superior Court      Fairfield County      File #51404

Present: Hon. ARTHUR F. ELLS, Judge.

Delaney, Murphy & Kotler,      Attorneys for the Plaintiff.

Edward J. Daly,      Attorney for the Defendant.

## MEMORANDUM FILED DECEMBER 14, 1936.

ELLS, J. The Liquor Control Commission revoked the appellant's tavern permit because he employed an Italian alien in his establishment. The Commission could not do otherwise; it followed our law, **Sec. 1046c; 1066c of the Cumulative Supplement.**

The appellant contends that our Statute is in conflict with a treaty between the United States and Italy. Article II of that treaty provides that "the citizens of each of the high contracting parties shall have liberty to . . . . carry on trade, . . . . to employ agents of their choice . . . . and generally to do anything incident to or necessary for trade upon the same terms as the natives of the country, submitting themselves to the laws there established".

Treaties between this and foreign countries are the supreme law of the land. **U. S. Constitution Art. 6.** "They should be as broadly construed as they reasonably may be construed". **97 Conn. 212, 218.** There should be no discrimination unfavorable to the subjects of Italy because of nationality alone, especially as to the alien "who lives in our country, subject to our laws and conditions of living, and dependent for protection and perhaps support upon our institutions and people".

The same question has arisen in this state in relation to a resident German alien. The Attorney General gave an opinion holding that the Statute in question was in direct conflict with our treaty with Germany. This decision was clearly correct. The treaty with Italy is not as comprehensive as the one with Germany, but, broadly construed, it means the same. The Attorney General, appearing in our case for the Commission did not disagree with this conclusion. The question of the police power is the same in this case as in the German one, and is well discussed in the opinion.

The demurrer is sustained.